**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Civil Action No. 1:26-mc-00019-KWR

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

 Applicant-Plaintiff,

v.

GALLUP-MCKINLEY COUNTY SCHOOLS,

 Respondent.

---

**MEMORANDUM IN SUPPORT OF
APPLICATION FOR ORDER TO SHOW CAUSE WHY
ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

---

Respondent Gallup-Mckinley County Schools ("GMCS") refuses to comply with an EEOC administrative subpoena seeking data relevant to a charge alleging discrimination against Native Americans. During the EEOC's investigation of this charge, the agency issued an administrative subpoena seeking employee and applicant data from GMCS's school administrative system. The requests in the subpoena are central to investigating the allegations in the charge that GMCS failed to interview, hire, and promote Native American applicants and employees.

Because the information requested is relevant and within the EEOC's authority, the Court should enforce the Subpoena. Additionally, because GMCS did not exhaust its administrative remedies and file a petition to revoke or modify the subpoena, GMCS cannot challenge enforcement of the subpoena on grounds besides constitutional bases. Even so, GMCS cannot

1

establish undue burden in producing the data related to the charge. The EEOC therefore applies to this Court to issue an order to show cause why the subpoena should not be enforced.

## I.    BACKGROUND

### A.  Charge of Discrimination

On August 21, 2024, former EEOC Commissioner and current EEOC Chair Andrea Lucas filed Commissioner's Charge No. 543-2024-01242 against GMCS alleging discrimination against Native Americans in interviewing, hiring, promoting, classifying, and other employment practices based on race for the job categories of classroom teacher, administrator, or principal. The charge alleged a pattern or practice of discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). ECF No. 2-1. GMCS was given notice of the charge on August 23, 2024, and the EEOC began its investigation shortly thereafter. ECF No. 2-2. As part of its investigation, the EEOC issued Requests for Information ("RFI") and requested applicant and employee data. ECF No. 2-3.

### B.  EEOC Subpoena for Employee and Applicant Data

On July 16, 2025, the EEOC sent GMCS an RFI that included a request for current and former employee and applicant data related to its investigation of Charge No. 543-2024-01242. The RFI's deadline to respond was July 31, 2025. On July 29, 2025, GMCS's attorney emailed the EEOC and said GMCS would no longer comply with the EEOC's investigation and would not produce any data. ECF No. 2-4.

After receiving this email from GMCS, on August 27, 2025, the EEOC issued an administrative subpoena for the data: Subpoena No. PHX-25-15. The day before, on August 26, the EEOC contacted GMCS's attorney to request waiver of service, and GMCS's attorney responded that he would accept service. ECF No. 2-5. The Subpoena was served on August 27, 2025, on GMCS's attorney by email. *Id*. The Subpoena required the production of data about

current and former employees and applicants from the school cycle 2019/2020 to the present. ECF No. 2-6. This included names, contact information, and other information concerning applicants and employees who may be potential victims or comparators. *Id.*

### C. GMCS's Failure to Comply with EEOC's Subpoena

GMCS did not file a petition to revoke or modify the Subpoena. 29 U.S.C. § 161 (incorporated into Title VII by 42 U.S.C. § 2000e-9). GMCS also failed to respond to the Subpoena, which follows a larger pattern of GMCS refusing to participate in the EEOC's investigation and comply with EEOC subpoenas. On July 29, 2025, the EEOC issued two subpoenas for witness testimony and GMCS refused to comply with these subpoenas, thereby necessitating the EEOC to file its first subpoena enforcement action on August 21, 2025. *See EEOC v. Gallup-McKinley Cnty. Schs.,* No. 1:25-mc-25-MLG (D.N.M. filed Aug. 21, 2025). On August 8, 2025, GMCS filed a declaratory judgment action against the EEOC related to the EEOC's investigation of the charge. *See Bd. of Edu. for Gallup-McKinley Cnty. Schs. v. Andrea Lucas & EEOC*, No. 1:25-cv-762 KG/JFR (D.N.M. filed Aug. 8, 2025). The EEOC has filed a motion to dismiss in that case arguing the Board's lawsuit lacks subject matter jurisdiction and fails to state a claim upon which relief can be granted. *Id.* (ECF No. 16). As with the previous subpoenas, GMCS's refusal to respond to Subpoena PHX-25-15 has delayed and hampered the EEOC's investigation, forcing the EEOC to file this second subpoena enforcement action.

## II.    ARGUMENT

### A. Legal Standard

#### 1.    EEOC Investigation and Subpoena Authority

The EEOC investigates charges of discrimination alleging violations of Title VII. 42 U.S.C. § 2000e-5(b). Charges can be filed by members of the public or by EEOC

3

Commissioners. *Id*. ("Charges by persons aggrieved *or member of Commission . . .*") (emphasis added). Title VII grants the EEOC broad investigatory powers, providing that the EEOC "shall . . . have access to . . . any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). Once a charge is filed with the EEOC, the agency "shall make an investigation thereof" to determine whether there is "reasonable cause to believe that the charge is true." *Id.* § 2000e-5(b).

If an employer refuses to provide the EEOC with information sought in an investigation, the EEOC may issue an administrative subpoena and ask the court to enforce compliance with the subpoena. 42 U.S.C. § 2000e-9 (incorporating 29 U.S.C. § 161); *McLane Co. v. EEOC*, 581 U.S. 72, 76 & n.1 (2017). EEOC subpoena-enforcement proceedings are summary in nature and involve only limited judicial review. *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial"); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984) (holding an employer is not entitled to specific facts or evidence of discrimination for the EEOC to investigate a charge and enforce a subpoena).

### 2.    Broad Relevance Standard in Enforcing EEOC Subpoenas

To successfully petition a court to enforce an administrative subpoena, the EEOC needs only to show that: 1) the subpoena is within the agency's authority; 2) the demand is not too indefinite; and 3) the information sought is relevant to the charge. *See McLane*, 581 U.S. 72, 77 ("If the charge is proper and the material requested is relevant, the district court should enforce the subpoena unless the employer establishes that the subpoena is too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome."); *see also EEOC v. Centura Health*, 933

F.3d 1203, 1207 (10th Cir. 2019) (sustaining district court exercise of discretion in finding that EEOC subpoena enforceable and information sought was relevant).

The statutory "relevance" requirement "is not especially constraining" and the term "relevant" should be "generously construed" to afford the EEOC "access to virtually any material that might cast light on the allegations against the employer." *Shell Oil*, 466 U.S. at 68, 69. In sum, "[t]he EEOC has to show: (1) 'it has a realistic expectation rather than an idle hope that the information requested will advance its investigation'; and (2) a 'link between [its] investigatory power and the charges of discrimination.'" *Centura Health*, 933 F.3d at 1207.

Once the predicate showing of relevance has been made, a court will enforce the subpoena unless the respondent can prove that the subpoena is "too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome." *McLane*, 581 U.S. 72, 77 (internal quotation marks omitted)*; see also Dillon Cos.*, 310 F.3d at 1275 (holding "requests we 'previously considered to be administrative 'fishing expeditions' are often permitted," and . . . such subpoenas 'may be enforced for investigative purposes unless they are plainly incompetent or irrelevant to any lawful purpose.'" (quoting *EEOC v. Univ. of N.M., Albuquerque*, 504 F.2d 129, 1303 (10th Cir. 1974))).

Importantly, a respondent that does not wish to comply with an EEOC subpoena must exhaust its administrative remedies and file a petition to revoke or modify the subpoena with the EEOC. 28 C.F.R. § 1601.16(b); *see EEOC v. Turner*, No. CIV 94-410 LH LFG, 1994 WL 779621, at *1 (D.N.M. June 28, 1994). If a respondent fails to exhaust its administrative remedies by filing a timely petition to revoke or modify the subpoena, the respondent may not later challenge the subpoena except on constitutional grounds. *See id.*; *EEOC v. Cuzzens of Ga., Inc.*, 608 F.2d 1062, 1064 (5th Cir. 1979) (holding "that an employer served with an EEOC

subpoena and making no effort to exhaust the available administrative remedies may not thereafter challenge the subsequent judicial enforcement of that subpoena for any reason short of objections based on constitutional grounds").

### B. Application of the Legal Standards Show the Subpoena is Proper.

#### 1. The Subpoena is within the EEOC's authority.

Here, the EEOC is investigating a Commissioner's Charge alleging GMCS discriminated against members of a protected class, Native Americans, in interviewing, hiring, promoting, and classifying employees and prospective employees for positions as classroom teacher, administrator, and principal, in violation of Title VII. ECF No. 2-1. A valid charge alleging violations of Title VII was filed by EEOC Chair Lucas, and GMCS had notice of this charge. *Id*.; ECF No. 2-2.

The Subpoena requests evidence relevant to the charge because it will provide the EEOC with the names and contact information of potential Native American victims and comparators along with the employment history information for hired employees. ECF No. 2-6. The data on current and former employees and applicants over the course of several years will reveal pertinent information about who applied for the positions listed in the charge and who was hired. Further, the data will reveal patterns, if any, in employment practices based on race and ethnicity, including hiring and promotion practices.

The Subpoena also contains all the information required by the applicable regulations and it is well established that EEOC Commissioners can file charges as long as the charge identifies the group of persons harmed (i.e. Native Americans), the method of discrimination (i.e. interviewing, hiring, promotion, etc.), and the time period of discrimination (i.e. 2019/2020 to the present). *See* 29 C.F.R. § 1601.16(a) (outlining elements of a subpoena)*; see also Shell Oil*

*Co.*, 466 U.S. at 67–74 (addressing requirements of valid charge and making it "clear that Commissioners could file and the Commission could investigate such [pattern and practice] charges" without identifying specifically which person was injured by what conduct.); 29 C.F.R. § 1601.12 (same); *EEOC v. Vallarta Food Enters., Inc.*, No. 2:25-MC-00058-MCS-SSC, 2025 WL 3490431, at *3 (C.D. Cal. Oct. 10, 2025), *R. & R. adopted*, No. 2:25-MC-00058-MCS-SSC, 2025 WL 3490426 (C.D. Cal. Dec. 3, 2025) (finding Commissioner's charges sufficient when they generally alleged the races of the persons discriminated against, that the discrimination impacted all positions, the kinds of employment practices (like hiring and promoting) alleged to be discriminatory, and the time frame; holding "[t]hat the identified group of affected applicants and employees may be large does not mean that the subpoenas run afoul of *Shell Oil*"). Therefore, the Subpoena is within the agency's authority.

### 2.    The Subpoena's requests are definite.

An administrative subpoena must be definite and clearly state the information which it seeks. *See Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *U.S. v. Morton Salt Co.*, 338 U.S. 632, 652–53 (1950). In the context of Subpoena No. PHX-25-15, the requests are definite. The Subpoena requires the production of data fields like name, race, ethnicity, date of hire, date of application, contact information, and other relevant fields concerning current and former employees and applicants for a limited time period—the school cycle 2019/2020 to the present. The nature and parameters of the request are clear and properly limited, making the Subpoena's requests definite.

### 3.    The Subpoena seeks relevant information.

Relevant evidence in an EEOC investigation is construed broadly and "afford[s] the Commission access to virtually any material that might cast light on the allegations against the employer." *Centura Health*, 933 F.3d 1203, 1207 (quoting *Shell Oil*, 466 U.S. 54, 68-69). With

charges such as this one, courts have found that data about applicants and employees is relevant because it will allow the EEOC to conduct statistical analyses and interview individuals about their experiences. *See Vallarta,* 2025 WL 3490431, at *4 (finding applicant and employee data from June 2020 to present relevant to EEOC investigation into Commissioner's charges alleging discrimination based on race and national origin in recruitment, hiring, promotion, and employment conditions).

As discussed above, Subpoena No. PHX-25-15 seeks data directly related to GMCS's hiring, promotion, and classifying practices that may cast light on the allegations in Charge No. 543-2024-01242. Much like *Vallarta*, the requested data is for a limited time period and is relevant to the investigation because it will allow the EEOC to conduct statistical analyses relating to hiring, promotion, and classification of applicants and employees and it will allow the EEOC to contact individuals directly about their experiences. This data will identify who GMCS has hired and not hired over roughly five years and will help the EEOC determine whether unlawful discrimination against Native Americans has occurred. The evidence sought by the EEOC subpoena is therefore relevant.

### 4. The Subpoena advances a legitimate purpose.

The EEOC issued the Subpoena to further the EEOC's investigation into the alleged Title VII violations against a class of Native American employees and applicants at GMCS. In particular, the Subpoena's purpose is to investigate the allegations in the charge of discrimination by comparing and analyzing data about current and former employees, as well as applicants, to understand GMCS's hiring, promoting, and classifying processes. To the extent GMCS may argue that the data requested infringes on workers' privacy rights, such arguments are routinely rejected because the EEOC operates under strict confidentiality requirements and the EEOC's statutory authority to investigate and eliminate workplace discrimination overrules state law

privacy rights. *Vallarta*, 2025 WL 3490431 at \*8. As established, the information sought by the Subpoena is central to the EEOC's investigation and the Subpoena therefore advances a legitimate purpose.

### 5.    There is no undue burden to GMCS.

"There is a presumption in favor of requiring an employer's compliance with a subpoena when the Commission inquires into legitimate matters of public interest." *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 371 (7th Cir. 2011). Indeed, the Court must enforce a subpoena, unless the respondent can demonstrate that the subpoena is unduly burdensome. *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993).

"[W]hether a subpoena is overly burdensome turns on the nature of the materials sought and the difficulty the employer will face in producing them." *McLane*, 581 U.S. 72, 73. Courts will not excuse compliance with a subpoena and find a subpoena unduly burdensome just because "compliance would be inconvenient and involve some expense." *EEOC v. Citicorp Diners Club, Inc.*, 985 F.2d 1036, 1040 (10th Cir. 1993). To meet the undue burden standard, a respondent must show that compliance with the subpoena seriously threatens to disrupt or hinder its normal business operations. *Id*. GMCS therefore carries a "difficult burden" in seeking to establish undue burden. *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 653 (7th Cir. 2002). A respondent's mere conclusory allegations of burden are not sufficient. *Id*.

While GMCS has not claimed the Subpoena presents any undue burden, it cannot meet this "difficult burden" even if it were to now claim it. GMCS cannot argue that producing electronic data that it already stores for a span of roughly five years would seriously disrupt GMCS's business operations or be more than a mere inconvenience. As such, GMCS cannot establish any undue burden associated with compliance with the EEOC's Subpoena.

### III.    CONCLUSION

For the reasons discussed above, the Court should enforce EEOC Subpoena No. PHX-25-15. The Subpoena seeks information that is relevant to a valid charge of discrimination and it is the EEOC's statutory obligation to investigate that charge. The Subpoena is valid under the EEOC's enforcement authority, the requests are definite, and GMCS cannot show that complying with the Subpoena would be unduly burdensome under the controlling legal standard. Accordingly, the EEOC respectfully requests the Court enter the accompanying proposed Order to Show Cause to enforce the Subpoena and require GMCS to comply with the Subpoena.

DATED:   April 27, 2026

Respectfully submitted,

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

Laurie Jaeckel
Assistant Regional Attorney

/s/ *Lucia Moran*
Trial Attorney
Telephone: 505-738-6722
E-Mail: lucia.moran@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Albuquerque Area Office
500 Gold Ave. SW Suite 6401
Albuquerque, NM

*Attorneys for Applicant-Plaintiff EEOC*

10